**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Dyson Incorporated,

Plaintiff,

v.

Integrity Logistics Incorporated,

Defendant.

No. CV-26-01438-PHX-DJH

**ORDER**

Before the Court is Plaintiff Dyson Incorporated's ("Plaintiff") Motion for Leave to Amend Complaint ("Motion") (Doc. 19). Plaintiff seeks leave to file a First Amended Complaint ("FAC") to add claims for negligence/gross negligence/negligent hiring and breach of contract against Defendant Integrity Logistics, Inc. ("Defendant"). (*Id.*) For the following reasons, Plaintiff's Motion is **GRANTED IN PART** as to its breach of contract claim and **DENIED IN PART** as to its negligence/gross negligence/negligent hiring claim.

**I. Background**

Plaintiff initiated this action on March 2, 2026, alleging Defendant, a motor carrier in interstate commerce, failed to deliver goods in violation of the terms of the bill of lading. (Doc. 1 at ¶¶ 7, 13). In February 2024, Plaintiff engaged Defendant to transport "1,440 hair dryers with presentation stands" valued at $466,315.20 from Arizona to Maryland. (*Id.* at ¶¶ 6, 8–9). The goods were never delivered because they were stolen while they

were in Defendant's custody, care, and control. (*Id.* at ¶ 10). As a result, Plaintiff alleges it has suffered a loss of at least $466,315.20. (*Id.* at ¶ 11). Plaintiff's Complaint asserts a single claim for carrier liability pursuant to the Carmack Amendment, 49 U.S.C. § 147056. (*Id.* at 2). On April 13, 2026, Defendant filed its Answer and asserted as one of its affirmative defenses that it served as "a broker, not a carrier" therefore it cannot be liable under the Carmack Amendment. (Doc. 11 at 3).

On June 5, 2026, the Court issued its Rule 16 Scheduling Order, which provided that "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings is 60 days from the date of this Order." (Doc. 16 at ¶ 2). On July 30, 2026, Plaintiff filed a Motion for Leave to Amend Complaint. (Doc. 19). Plaintiff's Motion seeks to "add claims for negligence/gross negligence, negligent hiring, and breach of contract against" Defendant. (*Id.*) This Motion is fully briefed. (Docs. 20 & 21).

## II. Legal Standard

Under Federal Rule of Civil Procedure ("Rule") 15(a), a party may amend its pleadings once as a matter of course within a prescribed time period. *See* Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, it may do so only with the opposing party's written consent or the district court's leave. *See* Fed. R. Civ. P. 15(a)(2).

While the court maintains discretion to grant or deny a motion to amend, Rule 15(a) specifies that such "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir.2001) ("A district court's discretion to deny leave to amend . . . is not absolute."). In determining whether to grant leave to amend, courts generally consider the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). However, these factors are not given equal weight. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990) ("delay of nearly two years,

while not alone enough to support denial, is nevertheless relevant"); *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("futility alone can justify a court's refusal to grant leave to amend").

## III. Discussion

Plaintiff seeks to amend its Complaint to add negligence/gross negligence/negligent hiring and breach of contract claims, pled in the alternative to its Carmack Amendment claim. (Doc. 19 at 5). Defendant argues only that Plaintiff's Motion should be denied on the grounds that amendment would be futile and it is brought in bad faith. (Doc. 20 at 4, 10).

### A. Undue Delay

In assessing undue delay, courts consider "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (finding undue delay where a party asserted a different legal theory fifteen months after discovering facts relevant to that theory). Also relevant is whether the amended pleading will refine and clarify the issues before the court. *Cuevas v. City of San Luis, Ariz.*, 2008 WL 4820113, at *2 (D. Ariz. Nov. 3, 2008).

Although Defendant does not argue that amendment is the result of undue delay, the Court finds this factor weighs in favor of amendment. First, based on the Scheduling Order, the deadline to amend pleadings is August 4, 2026. (Doc. 16 at ¶ 2). By filing this Motion on July 30, before this deadline, Plaintiff has not exhibited undue delay. Second, the additional claims arise from the same factual allegations as the Complaint and do not greatly expand the scope of discovery. *See AmerisourceBergen*, 465 F.3d at 953; *Cole v. Aramark Sports & Ent. Servs. LLC*, 2020 WL 10965756, at *3 (D. Ariz. June 16, 2020).

### B. Prejudice

Prejudice to the opposing party generally carries the greatest weight in determining whether leave to amend should be granted, despite Rule 15(a)'s liberal applicability. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987); *Eminence Cap., LLC v.*

*Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend."). Prejudice can exist where the amendment (1) advances new factual allegations such that additional discovery is required, (2) contradicts previous admissions, or (3) adds new legal theories late in the litigation. *Eminence Cap.*, 316 F.3d at 1052; *Morongo*, 893 F.2d at 1079. The prejudice must be substantial, such as the inclusion of an "independent claim that catches the opposing party off guard after dispositive motions have been filed." *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1048 (N.D. Cal. 2021). The burden of proving prejudice is on the party opposing the motion. *DCD*, 833 F.2d at 187.

Here, Defendant does not argue that it will be prejudiced if amendment is allowed and the Court finds this factor weighs in favor of amendment. This case is still in the early stages and allowing amendment will not require substantial additional discovery or cause delay.

**C. Previous Amendment**

When a plaintiff has repeatedly failed to cure deficiencies by previously allowed amendments, this generally weighs in favor of not granting a motion to amend. *Eminence Cap.*, 316 F.3d at 1052. This is the first time Plaintiff has sought to amend its Complaint. Therefore, this factor favors allowing amendment.

**D. Bad Faith**

A showing of bad faith may exist when the motive for amendment is for an improper purpose. *Eminence Cap.*, 316 F.3d at 1053. Bad faith can be found by evidence of gamesmanship, such as amending a pleading to destroy jurisdiction of the court, *see DCD*, 833 F.2d at 187, or where the "plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories," *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). The party opposing amendment bears the burden of showing how the amended complaint is brought in bad faith. *DCD*, 833 F.2d at 187. Where the moving party provides "a satisfactory explanation" for its delay and there is "no evidence in the record [that] would indicate a wrongful motive, there is no cause to uphold the denial of leave to amend

on the basis of bad faith." *Id.*

Here, Defendant argues Plaintiff's Motion is brought in bad faith because Plaintiff filed an insurance claim with the "actual motor carrier's insurance provider" before filing this action. (Doc. 20 at 10). Defendant does not provide any evidence to support this accusation, so it fails to establish amendment is sought in bad faith. Second, Plaintiff explains that it filed the Complaint asserting a claim for motor carrier liability under the Carmack Amendment because Defendant was listed as "carrier" on the relevant transportation document. (Doc. 19 at 3). Amendment is sought in response to Defendant's affirmative defense that it is not liable because it served as a broker. (*Id.* at 4). This factor therefore weighs in favor of granting leave to amend. *See DCD*, 833 F.2d at 187.

**E. Futility of Amendment**

The futility of amendment can, by itself, justify the denial of a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). A proposed amendment is futile if it could not withstand a motion to dismiss under Rule 12(b)(6). *Farina v. Compuware Corp.*, 256 F. Supp. 2d 1033, 1061 (D. Ariz. 2003). In this context, the court accepts "all factual allegations in the [proposed amended] complaint as true and construe[s] them in light most favorable to the plaintiff[]." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted). The proposed amendment "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face," and thus "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). Leave to amend should be denied as futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018).

Defendant argues amendment is futile because the proposed FAC fails to allege sufficient facts that Defendant acted as a broker, and the additional claims are preempted by either the Carmack Amendment or the Federal Aviation Administration Authorization Act. (Doc. 20 at 7–9).

**1. Additional Claims Pled in the Alternative**

Rule 8(d) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically . . . [and] may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(2)–(3). A plaintiff "can pursue multiple, even if inconsistent, theories of recovery in the same suit." *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692, 701 (9th Cir. 2021). "[A] pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case[.]" *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985). "However, pursuit of alternate relief does not relieve plaintiffs of their obligation to plead sufficient factual allegations in support of that request." *Milo & Gabby, LLC v. Amazon.com, Inc.*, 12 F. Supp. 3d 1341, 1354 (W.D. Wash. 2014).

Defendant argues that the conduct alleged in the proposed FAC gives rise only to carrier liability under the Carmack Amendment, and as such, cannot establish that Defendant is liable as a broker. (Doc. 20 at 7).

The Carmack Amendment provides a cause of action against "motor carriers" and "freight forwarders" for all losses relating to goods it transports in interstate commerce. 49 U.S.C. § 14706(a). The statute absolutely preempts all state common law claims against motor carriers and freight forwarders. *E.g., Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 613 (9th Cir.1992). The Amendment, however, it does not apply to brokers. *See e.g.*, *Chubb Grp. of Ins. Companies v. H.A. Transp. Sys., Inc.*, 243 F. Supp. 2d 1064, 1068–69 (C.D. Cal. 2002) (collecting cases). Whether a party is a broker or a carrier is a fact-specific inquiry and depends on that party's "role in the specific transaction, and the nature of the relationship" between the parties. *ASARCO LLC v. England Logistics Inc.*, 71 F. Supp. 3d 990, 995 (D. Ariz. 2014).

Defendant asserts in its Answer (and maintains in its Response) that it acted solely as a broker with respect to the subject goods, so it cannot be liable under the Carmack Amendment. (Docs. 11 at 3; 20 at 3). Plaintiff's requested amendment addresses this affirmative defense. If Plaintiff's claim under the Carmack Amendment survives after the

finder of fact determines Defendant is a motor carrier, then its negligence and breach of contract claims will be preempted. *See Hall v. North Amer. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) ("It is well settled that the Carmack Amendment is the exclusive cause of action for interstate-shipping contract claims alleging loss or damage to property."). On the other hand, if the finder of fact determines Defendant is a broker, then Defendant is not liable under the Carmack Amendment, but may be liable under an alternative, inconsistent theory of recovery. Defendant cannot use its self-serving label as a "broker" as both a sword and shield, absolving itself from liability while also preventing Plaintiff from asserting alternative, even inconsistent, claims arising from the same factual circumstances. Defendant put its status as a broker at the forefront, so Plaintiff may assert alternative, even inconsistent, theories of recovery. Moreover,Defendant's status as a broker or carrier is dependent on factual determinations the Court cannot make based on the proposed FAC. In sum, the fact that Plaintiff proposes alternate theories of liability based on the same conduct does not render the proposed claims futile.

**2. Preemption under the FAAAA**

Defendant also argues that amendment is futile because Plaintiff's proposed claims are preempted by the Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501, ("FAAAA"). (Doc. 20 at 7–9). The Court agrees that Plaintiff's negligence claim is preempted, but not its breach of contract claim.

The FAAAA preempts state laws related to the prices, routes, and services of motor carriers or brokers "with respect to the transportation of property." 49 U.S.C. § 14501 (c)(1). As the Supreme Court recently explained, the FAAAA includes a "broad" preemption provision that "prohibits States from 'enact[ing] or enforc[ing] a law, regulation, or other provision having the force and effect of law related to a price, route, or service' of any motor carrier or broker 'with respect to the transportation of property.'" *Montgomery v. Caribe Transp. II, LLC*, 608 U.S. 219, 224 (2026) (quoting 49 U.S.C. § 14501(c)(1)). However, the preemption provision contains exceptions, including a "safety exception" which "provides that the preemption provision 'shall not

restrict the safety regulatory authority of a State with respect to motor vehicles.'" *Id.* (quoting 49 U.S.C. § 14501(c)(2)(A)). The safety exception encompasses common-law torts that regulate motor vehicle safety. *Miller v. C.H. Robinson Worldwide, Inc.*, 976 F.3d 1016, 1026 (9th Cir. 2020). Here, Plaintiff's negligence claim pertains to the service provided by Defendant "with respect to the transportation of property" and therefore would be preempted by the FAAAA unless the safety exception applies.

The proposed FAC alleges that the loss of the subject goods is the result of Defendant's negligent pattern or practice of failing to implement its own security measures to ensure delivery of goods, including negligent hiring practices. (*See* Doc. 19-1 at ¶¶ 12–24, 30–37). As alleged, prior to the February 2024 incident, Defendant failed to deliver Plaintiff's goods on at least three occasions due to its negligence. (*Id.* at ¶¶ 12–24). Even accepting these allegations as true, Plaintiff's theory is too attenuated to implicate public safety to fall within the FAAAA's safety exception.

Indeed, courts have held that "theft-based negligent-hiring claims" similar to the claims Plaintiff brings are not the type of common-law negligence saved from preemption under this safety exception. *See Tapia Enters., Inc. v. Star Logistics, Inc.*, 2026 WL 2262180, at *5 (C.D. Cal. Aug. 5, 2026) (dismissal of negligent-hiring claim against broker preempted by the FAAA in action arising from cargo theft) (collecting cases); *cf. Markian Rekshynskyj, et al. v. J.B. Hunt Transp. Inc., et al.*, 2026 WL 2546092, at *8 (D. Ariz. Aug. 28, 2026) (rejecting argument that FAAA preempted negligent hiring-related claims in action arising from a multi-vehicle collision). Plaintiff even concedes that its claim only "implicates safety broadly." (Doc. 21 at 9). Accordingly, the Court concludes that the FAAAA preempts Plaintiff's negligence-based claim.

Next, Defendant argues the FAAAA preempts Plaintiff's breach of contract claim because the proposed FAC fails to allege Defendant breached a specific contractual term. (Doc. 20 at 9). Defendant suggests that absent a specific provision, its alleged failure to deliver the subject goods is insufficient to withstand preemption under the FAAAA. (*Id.*)

The FAAAA does not preempt routine breach of contract claims, meaning those

claims that seek to enforce "privately ordered obligations" rather obligations imposed by state law. *See American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228–29 (1995) (concluding breach of contract claim was not preempted, in the context of the Airline Deregulation Act (which the FAAAA's language mirrors and courts interpret similarly), because "[a] remedy confined to a contract's terms simply holds parties to their agreements"). If Plaintiff's breach of contract claim seeks to enforce "privately ordered obligations" or arises from obligations they "voluntarily undertook themselves," then FAAAA preemption does not apply. *Cf. Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1061–62 (9th Cir. 2017) (holding that the Airline Deregulation Act does not preempt breach of contract claims based on obligations parties "voluntarily undertook themselves").

The proposed FAC alleges the Parties entered a written contract that obligated Defendant to transport and deliver 1,440 Dyson hair dryers, Defendant breached this contract by failing to deliver the subject goods, and Plaintiff suffered a loss of $466,315.20. (Doc. 19-1 at ¶¶ 5–11, 38–42). These allegations allow the Court to draw a reasonable inference that Defendant is liable for failing to fulfill its contractual obligation to deliver the subject goods. *See Hannibal-Fisher v. Grand Canyon Univ.*, 523 F. Supp. 3d 1087, 1093 (D. Ariz. 2021) (stating that precision is not required to make out a contract's terms so long as the court can discern a required material obligation). This is sufficient to state a plausible claim for relief for breach of contract such that it is not preempted by the FAAAA. Therefore, Plaintiff's proposed breach of contract claim is not futile.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 19) is **GRANTED** as to its breach of contract claim and **DENIED** as to its negligence/gross negligence/negligent hiring claim. Within **five days** of the date of this Order, Plaintiff must file a separate clean copy of its First Amended Complaint in accordance with this Order.

/ / /

/ / /

**IT IS FINALLY ORDERED** that Defendant must file its responsive pleading no later than **fourteen days** after the filing of the First Amended Complaint. Fed. R. Civ. P. 15(a)(3).

Dated this 19th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge